## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

REYNALDO AROCHO-MERCADO,

    **Plaintiff(s)**

       **v.**                    **CIVIL NO.** 05-1872(JAG)

OCE NORTH AMERICA, INC.,

    **Defendant(s)**

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

    Pending before the Court is a Motion to Dismiss, filed by defendant Oce North America, Inc. ("Oce") on November 2nd, 2005. (Docket No. 8). On April 20th, 2006, Chief Magistrate-Judge Justo Arenas issued a Report and Recommendation (R&R) to DENY the Motion. (Docket No. 27).  For the reasons set forth below, the Court **ADOPTS** the R&R in its entirety.

### FACTUAL AND PROCEDURAL BACKGROUND

    Arocho brought this action against Oce for damages suffered as the result of Oce allegedly selling him a defective and previously used (although sold as "new") industrial printer. (Docket No. 1).

    On November 2nd, 2005, Oce moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), arguing that Arocho fails to meet the amount in controversy requirement, inasmuch as the "Customer Agreement" entered into by the parties contains a

Civil No.  05-1872 (JAG)                                            2

disclaimer limiting Oce's liability to $50,000.00.[1]  Oce further claims that the Customer Agreement has a forum-selection clause which provides that the agreement will be governed by and construed in accordance with the laws of the State of Illinois, and that the state and federal courts sitting in Cook County, Illinois, shall be the exclusive forum for all controversies and disputes arising under the contract.

Arocho counters, through a sworn statement, that the contract presented by Oce is not the one he had agreed to, and that Oce is trying to introduce three pages that were never part of the original Customer Agreement.  (Docket No. 13 Exhibit #2 at 2-3).  Arocho claims that "for that same reason these pages do not appear with my initials or signature," and that "[his] signature only appears in the pages that [he] saw and discussed with Oce North America."  Id. Furthermore, Arocho states that the Customer Agreement furnished by Oce is unenforceable, because it is not signed by an Oce representative.

After a hearing, Chief Magistrate-Judge Justo Arenas issued an R&R to deny the Motion, as he found that: 1) dismissal under Rule 12(b)(1) is inappropriate because the well-pleaded complaint reflects that Arocho's claim is not really for less than $75,000; 2) Oce has not presented evidence that Arocho ever received a copy of

---

[1] Federal jurisdiction in this case is premised on 28 U.S.C. § 1332, which requires that the matter in controversy exceed the sum or value of $75,000.00.

Civil No.  05-1872 (JAG)                                               3

the contract signed by both parties; 3) Oce is not able to produce the original Customer Agreement in its entirety; and 4) that the two clauses that Oce seeks to enforce are not mentioned anywhere else in the parties' correspondence.  (Docket No. 27 at 8).

On May 4th, 2006, Oce filed objections to the R&R, arguing that the Magistrate-Judge erred by concluding that Arocho met the $75,000 amount in controversy requirement for subject matter jurisdiction. Oce also objects to the Magistrate-Judge finding that the three pages of terms and conditions, which contain the forum selection clause and liability disclaimer, were probably not provided to Arocho on June 17th, 2004.

## STANDARD OF REVIEW

A. <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation.  <u>See</u> 28 U.S.C.  §  636(b)(1)(B);  Fed.R.Civ.P.  72(b);  Local  Rule  72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order.  <u>See</u> 28 U.S.C. § 636(b)(1). Since  defendants  have  filed  timely  objections  to  the Magistrate-Judge's Report and Recommendation, the Court shall make a <u>de novo</u> determination of those portions of the report or specified

Civil No.  05-1872 (JAG)                                          4

proposed findings or recommendations to which specific objection is

made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez

v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

    Since the parties included documents outside the pleadings, the

Court will treat the motion as one for summary judgment under

Fed.R.Civ.P. 56.  See Fed.R.Civ.P. 12(b).

**DISCUSSION**

    1) Arocho's compliance with the jurisdictional amount

    Oce objects to the Magistrate-Judge's conclusion that Arocho

met the jurisdictional amount set by 28 U.S.C. § 1332.  Oce concedes

that Arocho presented evidence of his paying $66,000.00 for the

defective printer, but claims that he fails to support his

allegations of additional expenses and lost income. The Court

disagrees.

     The amount in controversy requirement is ordinarily determined

from the  plaintiff's complaint.  Saint Paul Mercury Indemnity Co.

v. Red Cab Co., 303 U.S. 283 (1938); PCS 2000 LP v. Romulus

Telecomm., Inc., 148 F.3d 32, 34 (1st Cir. 1998); Betancourt v. Bear

Stearns & Co., 392 F.Supp.2d 187, 189 (D.P.R. 2005). The general

rule governing dismissal for want of jurisdiction in cases brought

in the federal court is that, unless the law gives a different rule,

the sum claimed by the plaintiff controls if the claim is apparently

made in good faith. Saint Paul Mercury Indemnity Co., 303 U.S. at

288-289; Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir.

Civil No.  05-1872 (JAG)                                         5

2004).  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  Id.

    After de novo review, the Court rules that Arocho meets the amount in controversy requirement since, in addition to the $66,000.00 paid for the printer, Arocho is claiming loss of income and additional incidental expenses that may yet be proven. That is, on this record, the Court cannot establish "to a legal certainty" that the complaint is really for less than the jurisdictional amount.

    Alternatively, Oce claims that a disclaimer in the Customer Agreement limits Arocho's recovery to $50,000.00, thus precluding jurisdiction under 28 U.S.C. § 1332.  Since this allegation has to do with the terms of the Customer Agreement, the Court will address it in the following sub-section.

    2) Forum Selection Clause and Liability Disclaimer

    Oce alleges that the complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), inasmuch as the Customer Agreement limits Oce's liability to $50,000.00, and provides that the courts sitting in Cook County, Illinois, are the exclusive forum for all controversies and disputes arising under the contract.

    Upon de novo review, the Court finds that material issues of fact preclude granting Oce's motion.  A perusal of the record shows discrepancies in the documents submitted by Oce.  While the Customer Agreement submitted with the Motion to Dismiss was not signed by an

Civil No.  05-1872 (JAG)                                           6

Oce representative, (Docket No. 8, Exhibit #2), the one attached to the objections to the R&R does contain an endorsement by an Oce representative. (Docket No. 28, Exhibit A).  This finding certainly bolsters Arocho's contention, supported by affidavit, that Oce has presented more than one version of the Customer Agreement.

Therefore, since the resolution of both matters (limit on liability and forum selection clause) hinges on the Court making a credibility determination between the two conflicting versions of what was actually agreed upon by the parties, the Court must **DENY** Oce's Motion to Dismiss. <u>See</u> <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999) ("credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions.").

**CONCLUSION**

In light of the foregoing, the Court rules that the Magistrate-Judge's findings are correct and, accordingly, **ADOPTS** the R&R in its entirety.  The Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of June, 2006.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge